IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| PHILLIP PYE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:17-cv-00071 |
| | )   Judge Campbell / Frensley |
| TY HADLEY, | ) |

## REPORT AND RECOMMENDATION

Pending before the Court are the parties' cross Motions for Summary Judgment. Docket Nos. 13, 20.

Plaintiff filed his Motion for Summary Judgment and supporting materials on April 18, 2018. Docket No. 13. Contemporaneously with that Motion, Plaintiff filed a supporting Memorandum of Law (Docket No. 14), Defendant's Answer (Docket No. 14-1), Defendant's Response to First Set of Interrogatories (Docket No. 14-2), Defendant's Response to Second Set of Interrogatories (Docket No. 14-3), Defendant's Amended Response to Second Set of Interrogatories (Docket No. 14-4), Defendant's Response to First Set of Admissions (Docket No. 14-5), a Statement of Undisputed Facts (Docket No. 15), his "Declaration Under Penalty of Perjury" (Docket No. 16), and two manually filed discs (Exhibits B and C).

Defendant has filed a Response and an Amended Response to Plaintiff's Motion for Summary Judgment. Docket Nos. 24, 26. Defendant has additionally filed a Response to Plaintiff's Statement of Undisputed Facts. Docket No. 25.

Plaintiff has filed a Reply to Defendant's Response. Docket No. 30.

With regard to Defendant's Motion, Defendant filed his Motion for Summary Judgment

and Amended Motion for Summary Judgment on May 21, 2018.  Docket Nos. 19, 20.  Along with that Motion, Defendant filed a copy of the Maury County Warrant and Judgment (Docket No. 21-1), a supporting Memorandum of Law (Docket No. 22), and a Statement of Undisputed Facts (Docket No. 23).

Plaintiff has filed a Response to Defendant's Amended Motion for Summary Judgment (Docket No. 34), as well as a Response to Defendant's Statement of Undisputed Facts (Docket No. 35).

Plaintiff filed his Verified Complaint in this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, on August 3, 2017.  Docket No. 1.  Plaintiff sues Defendant in his individual and official capacities for "slander, abuse of authority, false arrest, false imprisonment, and an illegal search and seizure in direct violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the State of Tennessee."  *Id.*  In particular, Plaintiff avers that Defendant unlawfully conducted a traffic stop of Plaintiff's car that resulted in Plaintiff's vehicle being illegally searched and Plaintiff being illegally detained, which led to Plaintiff being falsely arrested and imprisoned.  *Id.*  Specifically, Plaintiff contends that Defendant stated that he pulled Plaintiff over because the tint on his car windows were too dark, but Defendant did not issue Plaintiff a citation concerning dark tint.  *Id.*  Plaintiff argues that Defendant's stated reason was pretext and that Defendant actually pulled him over as a result of being stereotyped.  *Id.*  Plaintiff also asserts that Defendant used a piece of marijuana cigarette that he allegedly found as a further pretense for detaining and confining Plaintiff.  *Id.*  Plaintiff additionally avers that Defendant provided a false statement to his parole officer, such that Plaintiff's parole was revoked and he was re-incarcerated within the TDOC.  *Id.*  Plaintiff seeks

2

declaratory and injunctive relief, as well as compensatory and punitive damages. *Id.*

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to

summary judgment as a matter of law.  *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

In the case at bar, both parties have adduced sufficient evidence in a form required by Fed. R. Civ. P. 56 to demonstrate that genuine issues of material fact exist regarding the initial traffic stop, search of Plaintiff's vehicle, Plaintiff's subsequent arrest, and its resultant effects. That being the case, however, it is undisputed that Plaintiff took a "Best Interest Plea," pleading guilty to simple possession of a schedule VI substance (marijuana).  *See, e.g.,* Docket No. 21-1, p. 2.  The law is well-settled that pleading guilty precludes a subsequent assertion of lack of probable cause for the underlying arrest.  *See, e.g., Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988).  Because Plaintiff cannot now maintain that Defendant lacked probable cause to stop and/or search his vehicle, Plaintiff cannot establish an underlying constitutional violation. Absent an underlying constitutional violation, Plaintiff cannot sustain his §1983 claim[1]; Defendant is therefore entitled to a judgment as a matter of law.  Accordingly, the undersigned recommends that Plaintiff's Motion for Summary Judgment (Docket No. 13) be DENIED and that Defendant's Amended Motion for Summary Judgment (Docket No. 20) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have

---

[1] In order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978).

4

fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

JEFFERY S. FRENSLEY
United States Magistrate Judge