IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| PHILLIP PYE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-00071 |
| ) | Judge Campbell / Frensley |
| TY HADLEY, ) | |

## REVISED REPORT AND RECOMMENDATION

This matter is before the Court upon Judge Campbell's Order entered on August 21, 2018, remanding this case to the undersigned to consider whether summary judgment is appropriate as to each of Plaintiff's claims. Docket No. 41.

On July 20, 2018, having before him the parties' cross Motions for Summary Judgment (Docket Nos. 13, 20), the undersigned issued a Report and Recommendation, recommending that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that this case be dismissed. Docket No. 37. The basis for the undersigned's recommendation was as follows:

> [I]t is undisputed that Plaintiff took a "Best Interest Plea," pleading guilty to simple possession of a schedule VI substance (marijuana). *See, e.g.,* Docket No. 21-1, p. 2. The law is well-settled that pleading guilty precludes a subsequent assertion of lack of probable cause for the underlying arrest. *See, e.g., Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988). Because Plaintiff cannot now maintain that Defendant lacked probable cause to stop and/or search his vehicle, Plaintiff cannot establish an underlying constitutional violation. Absent an underlying constitutional violation, Plaintiff cannot sustain his §1983 claim[1]; Defendant is

---

[1] In order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

therefore entitled to a judgment as a matter of law.

*Id.*

Plaintiff filed his Verified Complaint in this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, on August 3, 2017, specifically averring that Defendant unlawfully conducted a traffic stop of Plaintiff's car that resulted in Plaintiff's vehicle being illegally searched and Plaintiff being illegally detained, which led to Plaintiff being falsely arrested and imprisoned, and which ultimately led to his parole being revoked. Docket No. 1. Specifically, Plaintiff contends that Defendant's stated reason for initially pulling him over was pretext, and that Defendant used a piece of marijuana cigarette that he allegedly found as a further pretense for detaining and confining Plaintiff. *Id.* Plaintiff additionally avers that Defendant subsequently falsely told his parole officer that, when pulled over, Plaintiff never provided his parole I.D., resulting in Plaintiff's parole officer later alleging that "Plaintiff failed to provide a parole I.D. and had a pending felony, which resulted in Plaintiff's parole being revoked and [him] subsequently being re-incarcerated within the TDOC." *Id.*

As discussed in the undersigned's initial Report and Recommendation, it is undisputed that Plaintiff took a "Best Interest Plea" in his underlying case, pleading guilty to simple possession of a schedule VI substance (marijuana). *See, e.g.,* Docket No. 21-1, p. 2. The law is well-settled that pleading guilty precludes a subsequent assertion of lack of probable cause for the underlying arrest. *See, e.g., Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988).

---

deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978).

The undersigned has considered each of Plaintiff's claims as set forth in his Verified Complaint, and, because all of Plaintiff's federal claims now before the Court stem from his asserted pretextual stop and subsequent search of the vehicle, *Walker* is applicable to all of Plaintiff's federal claims and Plaintiff's guilty plea precludes the establishment of those claims. Since Plaintiff cannot now maintain that Defendant lacked probable cause to stop and/or search his vehicle, he cannot establish that any of the subsequent events of which he complains violated his constitutional rights.[2] Absent an underlying constitutional violation, Plaintiff cannot sustain his §1983 claim and Defendant remains entitled to a judgment as a matter of law. Accordingly, the undersigned again recommends that Plaintiff's Motion for Summary Judgment (Docket No. 13) be DENIED, that Defendant's Amended Motion for Summary Judgment (Docket No. 20) be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

---

[2] To the extent that Plaintiff's allegation that Defendant falsely reported that Plaintiff failed to produce his parole I.D. during the initial traffic stop can be deemed to be a separate claim that is unrelated to the initial traffic stop, Defendant's statement that Plaintiff failed to produce his parole I.D. during the initial traffic stop, in an of itself, is insufficient to violate Plaintiff's constitutional rights. Moreover, it is undisputed that Plaintiff was on parole for drug related offenses and that it was Plaintiff's guilty plea to simple possession of a schedule VI substance that caused his parole to be revoked. Because it was Plaintiff's guilty plea that resulted in the harm of which he complains, not Defendant's alleged statement, Plaintiff cannot sustain his claim and Defendant is entitled to a judgment as a matter of law.

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge